**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4379**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD WAYNE MERCER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (1:05-cr-00253-NCT)

Submitted:  October 31, 2006      Decided:  November 15, 2006

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Wayne Mercer appeals his conviction following a jury trial for knowingly possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Mercer was sentenced to ten years' imprisonment.

On appeal, Mercer argues there was insufficient evidence to support his conviction. In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "Substantial evidence," in the context of a criminal action, is that "evidence a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). A defendant challenging the sufficiency of the evidence to support his conviction "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

We reject Mercer's assertion that his conviction was legally insufficient because the jury did not believe his testimony and instead credited that of the Government's witnesses. Witness credibility is solely within the province of the jury and will not be reassessed on appeal. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). As such, this argument is plainly insufficient to meet the heavy burden demanded of a criminal

defendant challenging the sufficiency of the evidence underlying his criminal conviction.  <u>Beidler</u>, 110 F.3d at 1067.  Therefore, we affirm Mercer's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>